HILL, Circuit Judge,
dissenting, in which BARKETT, Circuit Judge, joins:
Ezell Gilbert’s sentence was enhanced by eight and one-half years as the result of his being found by the district court— reluctantly and at the explicit urging of the government — to be a career offender. Ezell Gilbert is not now, nor has he ever been, a career offender. The Supreme Court says so.
Today, this court holds that we may not remedy such a sentencing error. This shocking result — urged by a department of the United States that calls itself, without a trace of irony, the Department of Justice — and accepted by a court that emasculates itself by adopting such a rule of judicial impotency — confirms what I have long feared. The Great Writ is dead in this country.
Gilbert raised his claim of sentencing error to every court he could, every chance he got. No court correctly resolved his claim until the Supreme Court made clear that Gilbert’s claim was meritorious — he was never a career offender. Now, he has come back to us for relief from his illegal confinement. Our response to him is that he cannot apply for relief under § 2255 because he has done so before, and, although we erroneously rejected his claim, the statute does not permit such reapplication. Of course, had he not applied for § 2255 relief, we would be holding now that he had procedurally defaulted his claim by failing to raise it before.
This “Catch-22” approach to sentencing claims is nothing more than a judicial “gotcha.” Through our self-imposed limitations, we have found a way to deny virtually all sentencing claims. We do this, avowedly, in the pursuit of “finality.” But, in so doing, we cast a pall of unconstitutionality over the otherwise beneficial provisions of § 2255.
Furthermore, to “seal the deal” on finality, we hold today that even the savings clause of § 2255 — which appears to permit resort to the Great Writ itself in circumstances such as these — provides no avenue to relief for Gilbert because confinement pursuant to sentencing errors such as his does not offend the Constitution. Rather than acknowledging that Gilbert’s sentence is fundamentally defective and a miscarriage of justice, we hold that the error *1337 resulting in an additional eight and one-half years of prison time for Gilbert is a mere technicality, a misapplication of the Guidelines that has no remedy because it is not all that important. Gilbert’s erroneous enhancement as a career offender— demanded by the government at the time — is argued to be mere harmless error now that he has been proven right.[1]
The government even has the temerity to argue that the Sentencing Guidelines enjoy some sort of legal immunity from claims of error because they are not statutes at all, but mere policy suggestions. And the majority appears not to understand that Gilbert’s imprisonment — no matter how his sentence was calculated — is the act of the Sovereign, who is forbidden by our Constitution to deprive a citizen of his liberty in violation of the laws of the United States.[2]
I recognize that without finality there can be no justice. But it is equally true that, without justice, finality is nothing-more than a bureaucratic achievement. Case closed. Move on to the next. Finality with justice is achieved only when the imprisoned has had a meaningful opportunity for a reliable judicial determination of his claim. Gilbert has never had this opportunity.
A judicial system that values finality over justice is morally bankrupt. That is why Congress provided in § 2255 an avenue to relief in circumstances just such as these. For this court to hold that it is without the power to provide relief to a citizen that the Sovereign seeks to confine illegally for eight and one-half years is to adopt a posture of judicial impotency that is shocking in a country that has enshrined the Great Writ in its Constitution. Surely, the Great Writ cannot be so moribund, so shackled by the procedural requirements of rigid gatekeeping, that it does not afford review of Gilbert’s claim.
Much is made of the “floodgates” that will open should the court exercise its authority to remedy the mistake made by us in Gilbert’s sentence. The government hints that there are many others in Gilbert’s position — sitting in prison serving sentences that were illegally imposed. We used to call such systems “gulags.” Now, apparently, we call them the United States.
One last thought. The majority spends an enormous amount of time arguing that Gilbert is not a nice man. Perhaps. But neither, I expect, was Clarence Gideon, the burglar, or Ernesto Miranda, the rapist. The Supreme Court managed to ignore this legal irrelevancy in upholding the constitutional principle under attack in those cases. Would that we could have also.
I respectfully dissent from the majority’s holding. With the addition of these *1338 thoughts of my own, I join in both Judge Barkett’s and Judge Martin’s dissents.

. I refer the reader to the original panel opinion, now vacated but originally published at 609 F.3d 1159, which recounts the district court’s sua sponte effort to remedy the sentencing error in Gilbert’s case, saying: Unfortunately, Mr. Gilbert is in the unenviable position of having to remain in prison even though under the present interpretation of the law he is no longer deemed a career offender and has served the time that would be required of him were he sentenced today. Salt to the wound is that he legally challenged the very issue that now incarcerates him — but lost. It is faint justice to tell him now that he was right but there is no legal remedy. Having exhausted all avenues know to the court, the Court determines that at this time it is unable to provide relief to Mr. Gilbert under the law as it currently exists.

. The government's suggestion, at en banc, that an application for clemency by Gilbert might be favorably received by the government mocks our constitutional guarantees by implying that they are gifts that may be bestowed or withheld at the whim of the Sovereign.